Baghbadran Anoshervan
**RAVANBAKHSH,**
Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–70603.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted May 10, 2004.*

Decided May 19, 2004.

Marjan H. Bahmani, Esq., Law Offices of Marjan H. Bahmani, Encino, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., William C. Peachey, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM **

Bhagbadran Anoshervan Ravanbakhsh, a native and citizen of Iran, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Ravanbakhsh's testimony that he wrote a high school essay that led to his arrest by the Iranian government was inconsistent with his assertion in his declaration that his friend wrote the essay. This inconsistency goes to the heart of his claim because this incident formed the basis of his alleged persecution. *See Chebchoub v. INS*, 257 F.3d 1038, 1042–43 (9th Cir. 2001). Moreover, substantial evidence supports the IJ's determination that Ravanbakhsh's testimony lacked specificity. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir.1999). Accordingly, substantial evidence supports the IJ's adverse credibility finding. *See Elias–Zacarias*, 502 U.S. at 481.

Because Ravanbakhsh did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

We do not consider Ravanbakhsh's Convention Against Torture claim because he failed to exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Ravanbakhsh's contention that the BIA's streamlined decision violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.